[Cite as *State v. Oyler*, 2012-Ohio-4241.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| MITCHELL A. OYLER | : | Case No. 12-CA-2 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

**NUNC PRO TUNC**

CHARACTER OF PROCEEDING:       Appeal from the Court of Common
Pleas, Case No. 11CR248

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       September 14, 2012

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellee |
|---|---|
| TRACY F. VAN WINKLE | CHRISTOPHER M. SHOOK |
| 20 South Second Street | 33 West Main Street |
| 4th Floor | P.O. Box 4190 |
| Newark, OH 43055 | Newark, OH 43058 |

*Farmer, J.*

{¶1}   On May 20, 2011, the Licking County Grand Jury indicted appellant, Mitchell Oyler, on one count of aggravated vehicular assault in violation of R.C. 2903.08 and one count of operating a motor vehicle while under the influence with a repeat OVI specification in violation of R.C. 4511.10 and 2941.1413.  The specification was later dismissed.

{¶2}   Appellant pled guilty to the charges on November 23, 2011.  By judgment entry filed same date, the trial court merged the two counts and at the state's election, sentenced appellant on the aggravated vehicular assault charge to forty-two months in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE APPELLANT DID NOT ENTER A KNOWING, VOLUNTARY, AND INTELLIGENT PLEA OF GUILTY WHEN THE TRIAL COURT DID NOT ADVISE HIM DURING THE PLEA HEARING THAT HE WAS SUBJECT TO A MINIMUM MANDATORY ONE YEAR IN PRISON."

I

{¶5}    Appellant claims his plea was not made knowingly, voluntarily, and intelligently as he was not informed that he would be subject to a minimum mandatory one year prison term.  We disagree.

{¶6}    Crim.R. 11 governs pleas. Subsection (C)(2) states the following:

{¶7}    "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶8}    "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶9}    "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶11} Appellant was originally indicted on one count of aggravated vehicular assault in violation of R.C. 2903.08 and one count of operating a motor vehicle while under the influence with a repeat OVI specification in violation of R.C. 4511.10 and

2941.1413. Just prior to appellant pleading guilty on November 23, 2011, the state dismissed the repeat OVI specification. The trial court merged the two counts and at the state's election, sentenced appellant on the aggravated vehicular assault charge to forty-two months in prison.

{¶12} The specification was dismissed via a Motion to Dismiss filed by the state on November 23, 2011:

{¶13} "The State of Ohio now moves this court for an order dismissing the repeat O.V.I. specification in this case. This agreement was reached in light of the pre-trial motions which both sides had plans to appeal regardless of the ruling. Thus, in order to resolve the matter in such a way as to reach finality, the State has agreed to seek dismissal of the specification and now moves this court for an order granting the same."

{¶14} During the plea and sentencing hearing, the prosecutor acknowledged the following:

{¶15} "***It is my understanding that Ms. Van Winkle for the State and Mr. Sanderson for the defendant have come to somewhat of an agreement. Specifically, it's my understanding that the repeat offender specification on the indictment was going to be dismissed. In exchange for that, the defendant is going to be entering a plea to the OVI and the Agg Vehicular Assault. There was no agreement or promises with respect to the actual sentencing, and I have a motion and entry here for the Court with respect to the dismissal of the repeat OVI specification." November 23, 2011 T. at 3.

{¶16} Appellant did not object to the dismissal of the specification and the trial court granted the motion. Id. at 4.

{¶17} Appellant now argues he would have never pled guilty if he would have been informed that he was not eligible for judicial release. He had been interviewed and accepted into CBCF/HWH. Appellant argues the acceptance misled him into believing that he would be eligible for judicial release.

{¶18} The presentence investigation report has been provided to this court via a March 30, 2012 supplement to the record. Unfortunately, the recommendation page is absent. The CBCF/HWH Referral box on the first page of the report indicates under "Facility" "Other, see summary." Appellant, pursuant to statute, was not privy to the summary [R.C. 2951.03(B)]. The summary was not provided to this court. It should be noted the trial court did not refer appellant to a community based correctional facility; appellant in fact had requested it. T. at 27.

{¶19} Appellant argues he was not specifically told he would not be eligible for judicial release. Appellant's belief, hope or impression has to be weighed against the record and the trial court's statements. In the admission of guilt form filed November 23, 2011, the possible sentence on the aggravated vehicular assault charge was set forth as follows:

{¶20} "I understand the MAXIMUM sentence is a basic prison term of five (5) years of which any imposed is mandatory. I am not eligible for judicial release during the mandatory imprisonment. The maximum fine possible is $10,000.00 of which none is mandatory. Restitution and other financial costs could be imposed in my case. I understand that for drug crimes my driver's license must be suspended at least 6 months and could be suspended up to 5 years."

{¶21} During the Crim.R. 11 colloquy, the following exchange occurred between the trial court and appellant:

{¶22} "Q. Are you under the influence of any drugs, medication, or alcohol now?

{¶23} "A. No, Your Honor.

{¶24} "Q. Do you now or have you ever suffered from any mental illness or disease?

{¶25} "A. No, Your Honor.

{¶26} "Q. Has anyone threatened you to enter these guilty pleas?

{¶27} "A. No, Your Honor.

{¶28} "Q. Has anyone promised you anything special if you enter these pleas?

{¶29} "A. No, Your Honor.

{¶30} "Q. Other than this agreement you've reached with the prosecutor to dismiss the specification at least?

{¶31} "A. No, Your Honor.

{¶32} "Q. Have you had enough time to consult with your lawyer before proceeding?

{¶33} "A. Yes, Your Honor.

{¶34} "***

{¶35} "Q. Are you satisfied with the advice and representation of your lawyer?

{¶36} "A. Yes, Your Honor.

{¶37} "***

{¶38} "Q. Are you aware of the possible penalties which could be imposed?

{¶39} "A. Yes, Your Honor.

{¶40} "Q. Count 1 is the Aggravated Vehicular Assault charge. It is a felony of the third degree, which means you could be sent to prison for up to five years and be ordered to pay a fine of up to $10,000.00. Do you understand that?

{¶41} "A. Yes, Your Honor." T. at 6-8.

{¶42} The prosecutor then stated the following facts in part:

{¶43} "[MR. WALTZ:] Accordingly, in Count 1 of the indictment, the defendant has been charged with Aggravated Vehicular Assault as the defendant, while operating a motor vehicle as defined in Section 4501.01 of the Revised Code, did cause serious physical harm to Chelsi Miller as the proximate result of the defendant committing a violation of Division A of Section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance. This is in violation of Revised Code Section 2903.08 (A) (1) (a) and is a felony of the third degree subjecting the defendant to a prison term of up to five years and a fine of up to $10,000.00. This charge further requires the Court to impose a mandatory prison term on the defendant and a Class III driver's license suspension.

{¶44} "***

{¶45} "Count 1 requires the defendant to serve a mandatory term of three years of post-release control while Count 2 would subject the defendant to three years discretionary post-release control should the Court impose and the defendant complete any prison term. Thank you, Your Honor." T. at 13-15.

{¶46} The trial court asked appellant if he agreed with the facts as presented and appellant responded in the affirmative. T. at 15.

{¶47} In sentencing appellant, the trial court found the following:

{¶48} "I've also considered the statements of the parties, the victim impact statement, the overriding purposes of felony sentencing, and the relevant seriousness and recidivism factors.  Taking all those factors into consideration, I find that Mr. Oyler is not amendable to a community control sanction and that a prison term is consistent with the purposes and principles of felony sentencing.

{¶49} "Primarily, Mr. Oyler, my focus has been drawn to the fact that you've had seven prior convictions - - seven.  This time, somebody was seriously hurt, and so, at some point in these kind of cases, we just have to remove you from society.  Not showing an ability to remain sober and you become a - - it's a public safety perspective."  T. at 28-29.

{¶50} In its judgment of conviction and sentence filed November 23, 2011, the trial court stated the following:

{¶51} "Counts 1 and 2 merge for sentencing purposes, and the State elected to proceed with sentencing on Count 1.

{¶52} "Count 1        42 months

{¶53} "The Defendant is entitled to jail time credit in the amount of one (1) day, and the Court certifies that amount of credit to the Ohio Department of Rehabilitation and Corrections.  Further, the Defendant shall receive credit for any additional jail time served while awaiting transportation to the state correctional facility from the date of the imposition of this sentence.  The Licking County Sheriff's Office shall convey the Defendant to the custody of the Ohio Department of Rehabilitation and Corrections forthwith."

{¶54} We find the plea colloquy to be in compliance with Crim.R. 11. Appellant was informed twice during the plea hearing that the prison term was "mandatory," first via the written plea and secondly by the prosecutor in his summary of the case. Appellant's self-referral to CBCF/HWH is insufficient to justify an argument concerning confusion over the sentence. The trial court specifically stated appellant was not amendable to community control. While the trial court did not go the extra step and say "that means no judicial release," we conclude it is not enough to find that the plea was not knowingly, voluntarily, and intelligently made.

{¶55} The sole assignment of error is denied.

{¶56} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Wise, J. concur and

Hoffman, P.J. dissents.

s / Sheila G. Farmer_____

_____

s / John W. Wise_____
                    JUDGES

SGF/sg 817

*Hoffman, P.J., dissenting*

{¶57}  I respectfully dissent from the majority opinion.

{¶58}  While the prosecutor may have stated the charge required imposition of a mandatory prison term and the admission of guilt form indicated any prison term imposed was mandatory rendering Appellant ineligible for judicial release, the trial court did not personally address Appellant and advise him he would not be eligible for the imposition of community control sanctions at the sentencing hearing as required by Crim.R. 11(C).

{¶59}  I find the plea colloquy between Appellant and the trial court does not substantially comply with Crim.R. 11.  See, *State v. Jones*, 5th Dist. No. 10CA75, 10CA76, 10CA77, 2011-Ohio-1202; *State v. Bell*, 5th Dist. No. 11-COA-019, 2012-Ohio-851.

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                :

| | | |
|---|---|---|
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MITCHELL A. OYLER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-2 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.  Costs to appellant.

s / Sheila G. Farmer_____

_____

 s / John W. Wise_____
                    JUDGES