[Cite as *State v. Byrum*, 2013-Ohio-533.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                                    :

     Plaintiff-Appellee,                        :              CASE NO.   CA2012-06-055

                               :              O P I N I O N
     - vs -                                                                 2/19/2013

                               :

NATHAN D. BYRUM,                              :

     Defendant-Appellant.                     :


CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 07 CRB 00571


Bethany S. Bennett, Mason City Prosecutor, Matthew Nolan, 5950 Mason Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Droder & Miller Co., L.P.A., Jeffrey T. Kenney, 125 West Central Parkway, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1}  Defendant-appellant, Nathan D. Byrum, appeals a decision of the Mason Municipal Court denying his application for expungement of the record of his criminal conviction for inducing panic.

{¶ 2}  On June 4, 2007, Byrum was charged with two counts of aggravated menacing, one count of inducing panic and one count of obstructing official business.  The charges

stemmed from an incident in which the state alleged that Byrum threatened to harm his girlfriend and to take his own life as well as those of the police officers that responded to his home. After initially refusing to allow police to enter his home, Byrum finally surrendered after hours of negotiations. Once inside the home, police discovered a shotgun, ammunition and what Byrum alleges was a police costume intended for Halloween. Byrum was taken to Bethesda Arrow Springs Hospital for evaluation, after which he was admitted to Summit Behavioral Healthcare.

{¶ 3} On August 14, 2007, Byrum pled guilty to one count of inducing panic, with the state agreeing to dismiss the charges of aggravated menacing and obstructing official business. Byrum was sentenced to two years of community control. Byrum completed all of his community control requirements and was discharged from probation. On October 1, 2011, Byrum subsequently filed a motion for expungement to have his record sealed. On May 11, 2012, the court entered its decision and entry overruling Byrum's motion to expunge record.

{¶ 4} Byrum now appeals that decision, raising a single assignment of error for our review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY DENYING [BYRUM'S] MOTION TO EXPUNGE RECORD.

{¶ 7} Within this assignment of error, Byrum argues that, "[w]hen this Court weighs the interest of the public's need to know against [Byrum's] interest in having his record sealed, the Motion for Expungement should be granted and the failure to delineate the basis of denial is an abuse of discretion."

{¶ 8} We review a trial court's decision granting or denying an application to seal criminal records for an abuse of discretion. *State v. Goss*, 12th Dist. No. CA2010-03-030,

2011-Ohio-55, ¶ 4. An abuse of discretion connotes that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 19.

{¶ 9} When considering an application under R.C. 2953.32 to seal a conviction record, a trial court must hold a hearing and do each of the following:

> (a) Determine whether the applicant is a first offender * * *;
>
> (b) Determine whether criminal proceedings are pending against the applicant;
>
> (c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
>
> (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
>
> (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.32(C)(1)(a)-(e).

{¶ 10} "'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their first conviction sealed.'" *Koehler v. State*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12, quoting *State v. Smith*, 3d Dist. No. 9-04-05, 2004-Ohio-6668, ¶ 9. Neither the United States nor Ohio Constitutions endows one convicted of a crime with a substantive right to have the record of a conviction expunged. *Koehler* at ¶ 14, quoting *State v. Gerber*, 8th Dist. No. 87351, 2006-Ohio-5328, ¶ 9. "Rather, '"[e]xpungement is an act of grace created by the state" and so is a privilege, not a right.'" *Koehler*, quoting *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).

{¶ 11} In weighing the interest articulated by the applicant and the interest articulated

by the state, the trial court held that, "the legitimate needs of the [s]tate and public to maintain the record of the conviction outweigh [Byrum's] interests in have [sic] the conviction sealed." Byrum argues that the trial court erred as it was required to set forth its findings in weighing whether the legitimate interest articulated by the state was greater than that of the applicant, citing *In re Dumas*, 10th Dist. No. 06AP1162, 2007-Ohio-3621.

{¶ 12} The Sixth Appellate District had the opportunity to review the *Dumas* decision and found that "nothing in *Dumas* or the other cases that mandates the degree of detail that appellant suggests. * * * *Dumas* states that it is an abuse of discretion not to balance the requisite factors, but makes no rule concerning the degree to which such balancing is reflected in the judgment entry." *State v. Bates*, 6th Dist. No. WM-11-007, 2012-Ohio-1397, ¶ 11.

{¶ 13} In *State v. Krutowsky*, 9th Dist. No. 81545, 2003-Ohio-1731, ¶ 14, the court recognized that

> [t]here is no requirement that the court set forth its reasoning when granting or denying an expungement. While R.C. 2953.32 provides that the court shall make determinations under R.C. 2953.32(C)(1)(a)-(e), the legislature could have easily specified that the phrase "shall determine" shall mean that the court shall set forth its reasoning on the record and/or in writing. However, the legislature specifically worded this particular statute differently from other statutes intended to dictate that result.

{¶ 14} Furthermore, the state cites *In re C. R.*, 10th Dist. No. 11AP-411, 2011-Ohio-6567, for the proposition that a detailed entry is not required. In that case, the court found that sufficient findings were made when the trial court's entry stated that "'the sealing of the record of the applicant's finding of not guilty * * * is consistent with the public interest.' In so stating, the trial court indicated it balanced defendant's personal interest against those of the government, or public, interest. Accordingly, * * * the trial court's entry reflects the balancing of interests R.C. 2953.52 requires." *Id.* at ¶ 9. Section 2953.52 is similar to Section 2953.32

in that it also requires the trial court to "[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B)(2)(d).

{¶ 15} The trial court's entry in the present case recognized that it "must weigh the public's need to know against the individual's interest in having the record sealed * * *." The court went on to hold that, "based on the facts and circumstances surrounding this case, the [c]ourt finds that the legitimate needs of the [s]tate and public to maintain the record of the conviction outweigh [Byrum's] interests in have [sic] the conviction sealed." Therefore, the trial court's entry clearly indicates that the required factors and balancing test set forth in 2953.32(C)(1)(a)-(e) were properly considered by the court. We do not find that the trial court must restate with specificity the facts contained in the parties' memorandum in support of, and objection to, the application for expungement.

{¶ 16} While it would be a better practice for the lower court to provide a more detailed explanation for its decision, the record contains sufficient information from which we can conclude the lower court did not abuse its discretion by denying the motion. Byrum made serious threats to his own life and to that of others, he forced police officers to engage in what amounted to a standoff at his home, and he required admittance to a behavioral health care center upon his arrest. These factors and the state and public's need to know are weighed against Byrum's interest in having his record sealed in order to make it easier for him to find employment. We cannot find that the trial court abused its discretion in deciding that the needs of the state and public outweighed the interests of Byrum.

{¶ 17} In light of the foregoing, having found that the trial court properly indicated in its entry that it weighed and balanced the required factors in reaching its decision, Byrum's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.