[Cite as *State v. J.L.*, 2019-Ohio-681.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-281 |
| | | (M.C. No. 2018 CRX 50113) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [J.L.], | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 26, 2019

**On brief:** *Zachary M. Klein*, City Attorney, *Lara N. Baker*, *Melanie R. Tobias,* and *Orly Ahroni*, for appellee.

**On brief:** *Lawrence L. Levinson*, for appellant.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Appellant, J.L., appeals from the judgment of the Franklin County Municipal Court denying his application to seal the record of his conviction. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In January 2012, J.L. was convicted of committing theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. In January 2018, he filed an application for an order to seal the record of his conviction pursuant to R.C. 2953.32. In March 2018, the trial court held a hearing on his application. Counsel appeared on behalf of J.L., who waived his appearance. Appellee, State of Ohio, did not object to the application. The trial court denied the application based on its finding that J.L. had not been rehabilitated to the court's satisfaction.

{¶ 3}  J.L. timely appeals.

## II. Assignment of Error

{¶ 4}  J.L. assigns the following error for our review:

The trial court erred and abused its discretion in denying appellant's application for expungement in this action.

## III. Standard of Review

{¶ 5}  We generally review a trial court's decision on an R.C. 2953.32 application for an abuse of discretion. *State v. D.G.*, 10th Dist. No. 14AP-476, 2015-Ohio-846, ¶ 6. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 9.

## IV. Discussion

{¶ 6}  In his sole assignment of error, J.L. asserts the trial court abused its discretion in denying his application to seal the record of conviction. This assignment of error lacks merit.

{¶ 7}  Expungement is a postconviction statutorily authorized proceeding which grants a limited number of convicted persons the privilege of having record of their conviction sealed. *In re Koehler*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12; *see Pariag, supra,* at ¶ 11 (the term "expungement" is a colloquialism used to describe the process of sealing criminal records pursuant to statutory authority). Because expungement is an "act of grace created by the state," a court may grant an expungement only when the applicant meets all statutory requirements for eligibility. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6; *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996); *State v. Brewer*, 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White*, 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5.

{¶ 8}  To have his conviction sealed an applicant must be an "eligible offender," as defined in R.C. 2953.31(A)(1). If the applicant is an eligible offender, the court must make additional determinations before sealing records, namely whether (1) any criminal proceedings are pending against the applicant; (2) the applicant has been rehabilitated to

the court's satisfaction; (3) the reasons, if any, offered by the prosecutor in any written objection against sealing the records are persuasive; and (4) the interests of the applicant in having conviction records sealed outweigh the legitimate needs, if any, of the state to maintain those records. R.C. 2953.32(C)(1)(b) through (e).

{¶ 9} Here, the trial court denied J.L.'s application based on its finding that he had not been rehabilitated to its satisfaction pursuant to R.C. 2953.32(C)(1)(c). J.L. asserts the trial court's finding fails to recognize the fact that he has had a clean record since the conviction. We disagree. The applicant carries the burden of demonstrating his rehabilitation. *State v. Evans*, 10th Dist. No. 13AP-158, 2013-Ohio-3891, ¶ 11. "Evidence of rehabilitation normally consists of an admission of guilt and a promise to never commit a similar offense in the future, or good character or citizenship in the community since the conviction." *Id.* At the expungement hearing, the trial court recited an explanation of the offense that J.L. had submitted as part of his application: "After working at Walmart * * * doing blood pressure and bone density screenings, I went shopping. Some of the items fell beneath my work equipment, and I forgot about them. I went through checkout and failed to check under my equipment." (Mar. 20, 2018 Tr. at 4.) This explanation reasonably could be viewed as J.L.'s attempt to absolve any responsibility as it relates to his conviction. Thus, the information before the trial court supported a finding that J.L., in seeking the expungement, did not fully accept responsibility for committing the theft offense even though he had pleaded guilty to the offense in 2012. In view of this contradiction, the trial court reasonably found that J.L. had not met his burden of demonstrating his rehabilitation.

{¶ 10} J.L. also argues the trial court demonstrated bias by considering dismissed theft charges against him as part of its analysis. We are unpersuaded. At the expungement hearing, the trial court cited three other criminal cases that were filed against J.L. around the same time as his conviction. According to J.L., the trial court assumed he had culpability in these other cases despite the fact that none of them resulted in a conviction. However, the purpose of an expungement hearing is to provide the reviewing court with all "relevant information bearing on an applicant's eligibility." *Evans* at ¶ 10. " 'As opposed to the adversary posture of a guilt determination, an expungement hearing provides the court with the opportunity to review matters of record and to make largely subjective

determinations regarding whether the applicant is rehabilitated and whether the government's interest in maintaining the record outweighs the applicant's interest in having the record sealed.' " *Evans* at ¶ 10, quoting *Hamilton, supra,* at 640. At the expungement hearing, the trial court noted that J.L. had pleaded guilty in exchange for the dismissal of two of the other theft offenses, and that he underwent a bond forfeiture in the third theft case that was dismissed. The trial court was not determining his guilt in those other cases but was considering the circumstances of the dismissal of the other theft charges in the context of evaluating J.L.'s explanation regarding his conviction. Therefore, we reject J.L.'s argument that the trial court impermissibly demonstrated bias against him in denying his application.

{¶ 11} Lastly, J.L. argues the trial court should have continued the expungement hearing to give him an opportunity to further explain his rehabilitation. This argument is unavailing. First, the record does not demonstrate that J.L.'s counsel requested a continuance. He asserts the request was made off the record. However, off the record discussions are not reviewable because we can only consider matters in the appellate record. *See, e.g., Columbus v. Hawkins*, 10th Dist. No. 10AP-1150, 2011-Ohio-4517, ¶ 16 ("appellate review is strictly limited to the record, and this court cannot consider matters outside the record that were not part of the trial court proceedings"). Second, insofar as J.L. suggests he was not given a sufficient opportunity to appear and present his case in support of an expungement, this assertion lacks any merit because he chose to waive his appearance at the hearing and have his counsel argue the matter on his behalf.

{¶ 12} Because the trial court did not abuse its discretion in denying J.L.'s application to seal the record of his conviction, we overrule his sole assignment of error.

**V. Disposition**

{¶ 13} Having overruled J.L.'s sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

---