[Cite as *State v. Hart*, 2022-Ohio-1706.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-11-064 |
| Appellee, | : | O P I N I O N<br>05/23/2022 |
| | : | |
| - vs - | : | |
| | : | |
| MICHAEL J. HART aka MICHAEL LEE HART, | : | |
| | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 1998-CR-5038


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Gary A. Rosenhoffer, for appellant.


**M. POWELL, P.J.**

{¶ 1}  Appellant, Michael Hart, appeals a decision of the Clermont County Court of Common Pleas denying his application to seal the record of his previous convictions.

{¶ 2}  In 1998, Hart was convicted of one count of breaking and entering in violation of R.C. 2911.13, a fifth-degree felony, and one count of safecracking in violation of R.C. 2911.13, a fourth-degree felony.  These felony convictions arose out of the same

transaction. Neither offense was an offense of violence or a sex offense. Hart was sentenced to prison. He was subsequently granted judicial release and released from prison on community control. In April 2003, Hart successfully completed his term of community control and was discharged.

{¶ 3} On September 28, 2021, Hart moved to seal the record of his convictions pursuant to R.C. 2953.32. A hearing on the motion revealed that Hart also had three misdemeanor OVI convictions, a misdemeanor passing bad check conviction, and perhaps a misdemeanor watercraft OVI conviction. Relying on the R.C. 2953.31 definition of "eligible offender" in effect from October 2018 to April 2021, the trial court found that Hart was not an eligible offender because he had more than two misdemeanor convictions. On November 5, 2021, the trial court issued an entry, denying Hart's application to seal the record of his convictions for breaking and entering and safecracking:

> The Court directed the Adult Probation Dept. to conduct a review of his criminal and traffic convictions and that report was timely submitted to the Court. It reflects that he has been convicted of two felony charges, both in his case, thus the Court will consider them as only one felony conviction. However, the review of his criminal and traffic convictions reflect[s] he has been convicted of at least four misdemeanors.
>
> Therefore, Defendant is not an eligible offender under R.C. 2953.31(A)(1)(b).

{¶ 4} Hart now appeals, raising one assignment of error:

{¶ 5} THE TRIAL COURT'S CONCLUSION THAT HART IS INELIGIBLE TO HAVE THE RECORD OF THIS CASE SEALED IS CONTRARY TO LAW.

{¶ 6} Hart argues, and the state concedes, that the trial court erred in finding that Hart was not an eligible offender under R.C. 2953.31(A)(1).

{¶ 7} Generally, we review a trial court's decision granting or denying an application to seal a criminal record for an abuse of discretion. *State v. Gross*, 12th Dist. Warren No.

CA2010-03-030, 2011-Ohio-55, ¶ 4. However, whether an applicant is an eligible offender under R.C. 2953.31 is a question of law that this court reviews de novo. *State v. Puckett*, 12th Dist. Clermont No. CA2020-11-065, 2021-Ohio-2634, ¶ 7-8; *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6-7. The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus.

{¶ 8} R.C. 2953.31(A) defines who is an eligible offender. At the time Hart filed his application to seal the record of his convictions on September 28, 2021, the statute defined "eligible offender" in pertinent part as follows:

> (a) Anyone who has been convicted of one or more offenses in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

> (b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than two felony convictions, has not more than four misdemeanor convictions, or, if the person has exactly two felony convictions, has not more than those two felony convictions and two misdemeanor convictions in this state or any other jurisdiction. The conviction that is requested to be sealed shall be a conviction that is eligible for sealing as provided in section 2953.36 of the Revised Code. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction.

{¶ 9} "R.C. 2953.31(A)(1)(a) plainly states that an offender * * * who has been convicted of more than one offense, is an eligible offender if all of the offenses are, or would be, felonies of the fourth or fifth degree or misdemeanors in Ohio and none of those offenses are, or would be considered, an offense of violence or a felony sex offense in Ohio." *State v. Cruz*, 12th Dist. Butler Nos. CA2021-06-066 thru CA2021-06-070, 2021-Ohio-4241, ¶ 30.

- 3 -

The record shows that Hart had a fourth-degree felony conviction, a fifth-degree felony conviction, and four or five misdemeanor convictions, and that none of these offenses are an offense of violence or a felony sex offense. Hart is therefore an eligible offender under R.C. 2953.31(A)(1)(a).

{¶ 10} Accordingly, we find that the trial court erred in applying a version of R.C. 2953.31(A)(1) that was no longer in effect at the time of Hart's application to seal the record of his convictions and further erred in determining Hart was not an eligible offender under R.C. 2953.31(A)(1). The first assignment of error is well-taken and sustained.

{¶ 11} Judgment reversed and remanded.

HENDRICKSON and BYRNE, JJ., concur.