[Cite as *Sampson v. Ohio Dept. of Transp.*, 2011-Ohio-4585.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ARLENE SAMPSON

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-02018-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

{¶1} Plaintiff, Arlene Sampson, filed this action against defendant, Ohio Department of Transportation (ODOT), contending her 2009 Honda Accord was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 in Cuyahoga County. Plaintiff described her damage incident occurred in the following manner, "[a]s I traveled behind a black Infinity vehicle, I noticed that it started to swerve within the lane and suddenly a big torn-out truck tire went from (underneath) the Infinity to under my brand new car." Plaintiff asserted the left front molding under the door and bumper was bent, leaving a gap between the spoiler and the door. Plaintiff recalled her damage event occurred on September 7, 2010, at approximately 3:45 p.m. In her complaint, plaintiff requested damages in the amount of $916.28, the total cost of replacement parts and related expense associated with having her car repaired. Payment of the $25.00 filing fee was waived.

Case No. 2006-03532-AD          - 2 -          MEMORANDUM DECISION

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the damage-causing debris condition prior to plaintiff's incident. Defendant located the debris at milepost 232.0 to 231.26 on I-71 in Cuyahoga County and advised ODOT did not receive any calls or complaints for debris at that location despite the fact the particular "section of roadway has an average daily traffic count between 86,420 and 93,170 vehicles." Defendant suggested, "that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to establish the length of time the debris existed on the roadway prior to her property damage event.

{¶3} Defendant insisted no ODOT personnel had any knowledge of a truck tire at that location on I-71 prior to the described incident forming the basis of this claim. Defendant contended plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant related the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no debris was discovered in the vicinity of plaintiff's incident on I-71 the last time that section of roadway was inspected before September 7, 2010. The claim file is devoid of any

inspection record.

{¶4} Defendant did submit a six-month maintenance history of the specific roadway area in question which recorded ten litter patrol operations were performed in the relevant area of I-71 during the time frame covered. According to the submitted maintenance history, the last time ODOT personnel were working in the area was on September 1, 2010, when litter was removed from the area. Defendant stated "if ODOT personnel had found any debris it would have been picked up." Defendant argued plaintiff failed to produce evidence to show her property damage was proximately caused by negligent maintenance on the part of ODOT.[1]

{¶5} Plaintiff filed a response noting that she is not at fault for this accident and that defendant should be liable for her damages.

---

[1] Although defendant also denied liability based on an assumption that the truck tire was displaced by another vehicle, plaintiff explains in her complaint and in her response that the debris merely bounced on the roadway as the cars passed over it and that the debris caused damage to the underside of her car as she traveled over it.

Case No. 2006-03532-AD          - 4 -          MEMORANDUM DECISION

{¶6} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996),

Case No. 2006-03532-AD          - 5 -          MEMORANDUM DECISION

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶9} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular debris condition prior to 3:45 p.m. on September 7, 2010.

Case No. 2006-03532-AD            - 6 -            MEMORANDUM DECISION

{¶10} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either:  1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.  Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition.  Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition or evidence to establish negligent maintenance.

{¶11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge."  *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429.  "A finding of constructive notice is a determination the court must make on the fact of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."  *Bussard*, at 4.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  In order for there to be a finding of

constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶12}  Plaintiff has not produced any evidence to indicate the length of time that the truck tire was present on the roadway prior to the incident forming the basis of this claim.  Plaintiff has not shown that defendant had actual notice of the condition.  Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.  There is no indication that defendant had constructive notice of the debris on the roadway.

{¶13}  Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition or conditions.  *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

Case No. 2006-03532-AD      - 8 -      MEMORANDUM DECISION

{¶14} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused the damage. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD; *Husak v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-03963-AD, 2008-Ohio-5179.

Case No. 2006-03532-AD          - 9 -          MEMORANDUM DECISION



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ARLENE SAMPSON

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-02018-AD

Deputy Clerk Daniel R. Borchert

Case No. 2006-03532-AD - 10 - MEMORANDUM DECISION

Case No. 2006-03532-AD - 10 - MEMORANDUM DECISION

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Arlene Sampson
3880 Mayfield Road #204
Cleveland Hts., Ohio 44121

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
5/10
Filed 6/7/11

Case No. 2006-03532-AD               - 11 -                MEMORANDUM DECISION

Sent to S.C. reporter 9/12/11