[Cite as *In re Q.R.*, 2018-Ohio-4785.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


IN RE:                                          :

      Q.R.                                      :           CASE NO. CA2017-11-020

                                               :           <u>O P I N I O N</u>
                                                   12/3/2018

                                               :

                                               :


APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20164119


The Vannoy Firm, Anthony S. Vannoy, 130 West Second Street, Suite 1624, Dayton, OH 45402, for appellee

John D. Smith Co., L.P.A., Andrew P. Meier, 140 N. Main Street, Suite B, Springboro, OH 45066, for appellant


        **S. POWELL, P.J.**

        **{¶ 1}**  Appellant appeals from the decision of the Clinton County Court of Common Pleas, Juvenile Division, allocating her and appellee's parental rights and responsibilities regarding their daughter, Q.R.  For the reasons outlined below, we reverse and remand for further proceedings.

        **{¶ 2}**  On December 3, 2010, appellant gave birth to Q.R.  It is undisputed that appellee was thereafter determined to be Q.R.'s biological father.  The parties were never

married.

{¶ 3}   On March 31, 2017, the juvenile court held a hearing to allocate the parties' parental rights and responsibilities regarding Q.R.   As part of this hearing, the parties informed the juvenile court that they agreed on a number of issues regarding Q.R.'s upbringing and their corresponding rights and responsibilities.  Those stipulations were read into the record at the hearing before the juvenile court as follows.

{¶ 4}   Initially, as it relates to appellee's parenting time, the parties stipulated appellee – who at that time was a professional football player in the National Football League ("NFL") – would exercise his parenting time with Q.R. during at least two of appellee's "home" football games played during the 17-week NFL season.  It is undisputed that these football games are played on either Thursday, Sunday, or Monday during the regular school year.  However, after the NFL season concluded, which is dependent on a team's success in the playoffs, the parties stipulated appellee would exercise his parenting time every Wednesday from 5:30 p.m. to 8:30 p.m. and every other weekend from Friday at 6:00 p.m. to Sunday at 9:00 a.m.  The parties also agreed that appellee would exercise his parenting time during Q.R.'s spring break.  Finally, during the NFL offseason while Q.R. was not in school, the parties stipulated they would exercise their respective parenting time with Q.R. on an alternating two-week basis until appellee was required to report to training camp prior to the start of the upcoming NFL season.

{¶ 5}   Next, as it relates to the allocation of the dependency tax exemption, the parties stipulated appellee would generally claim Q.R. as a dependent.   However, if appellee did not receive a financial benefit from claiming the exemption, the parties stipulated appellant would instead claim Q.R. as a dependent.  The parties further stipulated that if appellee was not phased out, and appellant made less than $20,000 a year in adjusted gross income, then appellee would claim Q.R. as a dependent.  But, if appellee

was not phased out, and appellant made more than $20,000 a year in adjusted gross income, then appellant and appellee would claim Q.R. in alternating years, providing appellant's income satisfied the hours requirement to receive a net tax savings. This, as appellant's counsel stated without objection, "would be on an alternating basis in the event that both of them have the ability to claim that exemption."

{¶ 6} Once the parties' stipulations were read into the record, the juvenile court heard testimony from appellant, appellant's mother, and appellee. The testimony elicited from these witnesses was in regards to the only issues then in dispute; namely, (1) the appropriate amount of child support appellee would be ordered to pay, (2) whether appellant was entitled to receive retroactive child support, (3) whether appellant should be awarded attorney fees and costs for the current litigation, and (4) whether appellant would be designated as the individual who would travel with Q.R. to appellee's football games during the NFL season. Following this hearing, the parties submitted written closing arguments to the juvenile court setting forth their respective positions regarding the above-named issues then in dispute.

{¶ 7} On October 18, 2017, the juvenile court issued a decision that specifically noted "the dispute now before the court is with regard to child support and transportation for parenting time with [appellee]." However, although the juvenile court acknowledged that those were the only issues then in dispute, the juvenile court nevertheless ordered the following regarding appellee's parenting time:

> As to parenting time, the court finds that when [appellee] is in his local residence, which as of the dates of these hearings was in Centerville, Ohio, he should have alternating weekends with the child as well as one evening a week, and also four weeks in the summer. During the NFL season, alternating weekends will continue; when a game falls on Father's weekend the child is to be transported to his home games and any local games as he may request, by the person of his choosing, and that may include his mother. [Appellant's] request that she be the one to do the transport is not approved by the court. This is [appellee's]

time, not hers. Holiday times will be alternated pursuant to local rule. * * * Additionally, the child's birthday may be celebrated by each parent on the date of his/her companionship with the child closest to the birthday and each parent is to accommodate the other for family reunions, weddings, or other celebrations meaningful to a child.

The juvenile court then ordered appellee to "continue to receive the personal exemption for tax purposes." These orders, however, did not contain any indication of the juvenile court's reasoning and analysis why rejecting the parties' stipulation was in Q.R.'s best interest.

{¶ 8} Appellant now appeals from the juvenile court's decision, raising the following single assignment of error for review.

{¶ 9} THE TRIAL COURT ERRED IN FAILING TO ADOPT ALL OF THE TERMS OF AN AGREEMENT READ INTO THE RECORD AND APPROVED BY THE PARTIES.

{¶ 10} In her single assignment of error, appellant argues the juvenile court erred and abused its discretion by failing to accept her and appellee's stipulation regarding appellee's parenting time and the allocation of the dependency exemption for tax purposes.[1]

{¶ 11} A stipulation is "a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point in order to avoid the necessity for proof on an issue" or to "narrow the range of issues to be litigated." *Rarden v. Rarden*, 12th Dist. Warren No. CA2013-06-054, 2013-Ohio-4985, ¶ 21. Once a stipulation is entered into, filed, and accepted by the court, it is binding upon the parties as "a fact deemed adjudicated for purposes of determining the remaining issues in the case." *Roetting v. Roetting*, 12th Dist. Butler No. CA2014-06-128, 2015-Ohio-2461, ¶ 24. "'If the parties wish to agree or to stipulate to various facts or procedures, * * * courts should be permitted to accept freely entered into agreements or stipulations unless such agreements or stipulations are not in

---

1. Appellee did not file a brief in this case. Pursuant to App.R. 18(C), when an appellee fails to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

the child's best interest.'" *Rarden*, quoting *Melvin v. Martin*, 4th Dist. Lawrence No. 05CA44, 2006-Ohio-5473, ¶ 13. That is because it is "generally conceded that the parties cannot by stipulation interfere with the court's discharge of its duty to consider the best interest of the child in rendering its judgment." *Willis v. Willis*, 8th Dist. Cuyahoga No. 70937, 1997 Ohio App. LEXIS 2206, *6-7 (May 22, 1997).

{¶ 12} This court reviews a juvenile court's decision to accept or reject a stipulation offered by the parties under an abuse of discretion standard. *See Rarden* at ¶ 23 ("the trial court did not abuse its discretion in refusing to accept the parties' stipulation); *Tisci v. Smith*, 3d Dist. Hancock No. 5-15-30, 2016-Ohio-635, ¶ 33 ("we cannot find that the trial court abused its discretion in accepting the stipulated amount of child support"). An abuse of discretion is more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Suwareh v. Nwankwo*, 12th Dist. Butler No. CA2017-12-174, 2018-Ohio-3737, ¶ 17, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "When applying the abuse-of-discretion standard, a reviewing court must not substitute its judgment for that of the trial court." *In re E.L.C.*, 12th Dist. Butler No. CA2014-09-177, 2015-Ohio-2220, ¶ 16.

{¶ 13} It is generally well-established that a juvenile court is not required to accept a stipulation offered by the parties. *Walker-Eaton v. Eaton*, 8th Dist. Cuyahoga No. 78917, 2001 Ohio App. LEXIS 4209, *6 (Sept. 20, 2001). This is because, as noted above, a juvenile court is permitted to freely accept any stipulation that may be offered by the parties. The juvenile court, however, must still provide a clear indication of its reasoning and analysis so that this court can perform a meaningful review on appeal. *Preece v. Stern*, 12th Dist. Madison Nos. CA2008-09-024 and 2008-09-029, 2009-Ohio-2519 (this court cannot perform a meaningful review of the trial court's decision absent a clear indication of its reasoning and analysis). Because the juvenile court's decision is devoid of any

reasoning and analysis demonstrating why rejecting the parties' stipulation was in Q.R.'s best interest, the juvenile court's decision in this case does not provide this court with that opportunity.

{¶ 14} "[F]or this court to be able to conduct any meaningful review of the trial court's exercise of its discretion, we must be able to discern some basis for its decision." *In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶ 26. In this case, however, the juvenile court provided no basis for how it ultimately came to its decision to reject the parties' stipulation. This case must therefore be reversed and remanded to the juvenile court for further proceedings.

{¶ 15} On remand, the juvenile court shall not be constrained by the parties' prior stipulation. Rather, since a number of months have passed since the juvenile court issued its original decision at issue here, the juvenile court may, at its discretion, conduct any hearing(s) deemed necessary to craft an appropriate decision allocating the parties' parental rights and responsibilities regarding Q.R. Likewise, the juvenile court may review the parties' current income and expenses in determining how to allocate the dependency tax exemption.

{¶ 16} In reaching this decision, we note that any decision the juvenile court may make must provide a clear indication of the juvenile court's reasoning and analysis so that this court can, if necessary, perform a meaningful appellate review. The juvenile court, just like this court on appeal, shall issue this decision by placing Q.R.'s best interest above all else. The juvenile court may also remind the parties within its decision that it retains jurisdiction to address these issues in the future should the need arise. Appellant's single assignment of error is sustained.

{¶ 17} Judgment reversed and remanded for further proceedings.

HENDRICKSON and PIPER, JJ., concur.