[Cite as *State v. H.M.G.*, 2023-Ohio-4588.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-05-057 |
| | : | O P I N I O N |
| - vs - | | 12/18/2023 |
| | : | |
| H.M.G., | : | |
| Appellant. | : | |

APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2002CRB00687

Kyle M. Rapier, and Stephen J. Wolterman, City of Fairfield Prosecuting Attorney, for appellee.

Legal Aid Society of Greater Cincinnati, and Kristin Riebsomer, for appellant.

**HENDRICKSON, P.J.**

{¶ 1}  Appellant, H.M.G., appeals a decision of the Fairfield Municipal Court denying her application to seal the record of her previous conviction for disorderly conduct.  For the reasons discussed below, we reverse the trial court's decision and remand for further proceedings.

{¶ 2}  In July 2002, H.M.G. pled guilty to disorderly conduct, a misdemeanor of the

fourth degree. Twenty years later, In March 2022, H.M.G. filed an application to seal the record of her conviction. The municipal court denied her application on May 10, 2022.

{¶ 3} On December 19, 2022, H.M.G., now represented by counsel, filed a new application to seal the record of her conviction.[1] In a memorandum in support of her application, H.M.G. indicated she was an eligible offender, that she did not have any criminal cases pending against her, and that it had been over eight years since her last conviction. She argued that she had been rehabilitated and referenced her employment history, educational pursuits, and community involvement as proof of her rehabilitation. She noted that she had been employed by Easter Seals since August 2022 and was looking to advance her career so as to be able to better provide for her family. She argued that sealing the record of her 2002 conviction for disorderly conduct would create additional employment opportunities and that her interest in having the record sealed "outweigh[ed] the government's need to maintain the nearly [two] decade-old record."

{¶ 4} The state did not file an objection to H.M.G.'s application to seal the record of her conviction. On March 30, 2023, H.M.G. appeared before the court for a hearing on the application to seal her 2002 conviction for disorderly conduct and on an application to seal a 2003 dismissed charge of underage possession of alcohol in another case. After identifying the reasons H.M.G. was appearing before the court, the court noted that a prior judge, in May 2022, had denied earlier applications to seal the 2002 conviction and the 2003 dismissed charge. H.M.G.'s attorney attempted to offer a "little bit of background" about the prior proceedings but was cut off by the court, who stated, "I'm not going to go

---

1. At the same time H.M.G. was seeking to seal the record of her 2002 conviction for disorderly conduct (the "2002 Conviction Case"), she was also seeking to seal the record of a 2003 dismissed charge of underage possession of alcohol from Fairfield Municipal Court Case No. 2003CRB01262 (the "2003 Dismissal Case"). The hearing on her 2003 Dismissal Case was held at the same time as her hearing on the 2002 Conviction Case. H.M.G. separately appealed the denial of request to seal her 2003 dismissed charge of underage possession of alcohol and a decision on that appeal was released the same date as this Opinion. *See State v. H.M.G.*, Butler CA2023-05-051.

over what Judge Loxley did. You had a hearing and he had his reasons." The court further stated, "I'm not going to go and override another judge. You just had a hearing on this in May of 2022."

{¶ 5} H.M.G.'s attorney explained that new circumstances had developed since the last proceedings. Counsel stated that in August 2022, H.M.G. obtained a "really good job at Easter Seals where she is helping people get jobs. She has opportunities to move up in Easter Seals and get an even better job to support her family." The trial court indicated it would be willing to grant the application to seal the 2003 dismissed charge if H.M.G. passed a drug screen. However, mere seconds later, after the court reviewed the case file of the 2003 dismissed charge and discovered that H.M.G. had refused a drug screen in connection with her prior application to seal that charge, the court abruptly denied H.M.G.'s applications to seal the 2002 conviction and the 2003 dismissed charge. The following discussion was held:

> THE COURT: Oh. No, no, Counselor. We're done here. She refused to take a urine test that day in front of the judge.
>
> [H.M.G.'s Counsel]: And that was –
>
> THE COURT: You're not going to come in now because she has, quote, studied for the test.
>
> [H.M.G.'s Counsel]: Well, if I may, Your Honor, just for the record, she refused the test because she didn't realize that she was going to be in a holding cell. She didn't have a cell phone. She had to pick her kids up at 3:00.
>
> Part of the process of getting her job at Easter Seals was a drug test. So she passed a drug test to get her job in August.
>
> THE COURT: I don't care what she did for Easter Seals. I care what she did here when she was in front of a judge here asking to seal a record and refused to drop a urine.
>
> There is only one reason you refuse to drop a urine, Counselor. I've been doing this a long time. The Motion to Seal is denied.

{¶ 6} Thereafter, in an entry dated March 30, 2023, the court denied H.M.G.'s motion to seal her 2002 conviction for disorderly conduct, stating the following:

> Motion to Seal is denied. The Defendant has not proven to this Court that she has been properly rehabilitated and that her need to have this record sealed outweighed the public's need to know. There was a prior refusal to abide by a urine screen from this court.

{¶ 7} H.M.G. appealed the denial of her motion to seal her 2002 record of conviction for disorderly conduct, raising the following as her sole assignment of error:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [H.M.G.'S] APPLICATION TO SEAL HER CONVICTION RECORD WITHOUT FIRST ENGAGING IN THE PROPER REASONING AND WEIGHING OF THE REQUIRED FACTORS IN R.C. 2953.32(C)(1).

{¶ 9} H.M.G. argues the trial court abused its discretion in denying her motion to seal the record of her 2002 conviction for disorderly conduct as the court failed to conduct a meaningful analysis of her rehabilitation. She further argues that consideration of the factors set forth in R.C. 2953.32(C)(1)(e) supports granting the motion to seal, as the state never objected to her application or identified any legitimate need by the government to maintain the record.

{¶ 10} "The sealing of the record of a conviction 'is an act of grace created by the state.'" *State v. Cruz*, 12th Dist. Butler Nos. CA2021-06-066 thru CA2021-06-070, 2021-Ohio-4241, ¶ 25, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). R.C. 2953.32 governs a trial court's decision to grant or deny an application to seal a record of conviction. Aside from instances inapplicable here, the version of R.C. 2953.32 in effect at the time H.M.G. filed her application to seal her 2002 conviction provided that an "eligible offender" who was convicted in Ohio could apply to the sentencing court for the sealing of the record of the conviction "[a]t the expiration of one year after the offender's final discharge if

convicted of a * * * misdemeanor." R.C. 2953.32(A)(1)(b). Upon the filing of such an application, "the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." R.C. 2953.32(B). "The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing." *Id.*

{¶ 11} R.C. 2953.31 defines who is an eligible offender. The version of R.C. 2953.31 in effect at the time H.M.G. filed her application to seal provided, in pertinent part, that an "eligible offender" included

> Anyone who has been convicted of one or more offenses in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

> Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than two felony convictions, has not more than four misdemeanor convictions, or, if the person has exactly two felony convictions, has not more than those two felony convictions and two misdemeanor convictions in this state or any other jurisdiction. The conviction that is requested to be sealed shall be a conviction that is eligible for sealing as provided in section 2953.36 of the Revised Code. * * *

R.C. 2953.31(A)(1). Whether an applicant is an eligible offender under R.C. 2953.31 is a question of law that this court reviews de novo. *State v. Hart*, 12th Dist. Clermont No. CA2021-11-064, 2022-Ohio-1706, ¶ 7, citing *State v. Puckett*, 12th Dist. Clermont No. CA2020-11-065, 2021-Ohio-2634, ¶ 7-8.

{¶ 12} Once a court determines if an applicant is an eligible offender, it must determine whether criminal proceedings are pending against the applicant. R.C. 2953.32(C)(1)(b). It must then use its discretion to (1) determine whether the applicant has

been rehabilitated to the satisfaction of the court, (2) consider objections, if any, raised by the prosecutor, and (3) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.32(C)(1)(c)-(e).

{¶ 13} In the present case, the trial court did not make any specific findings as to whether H.M.G. is an "eligible offender" under R.C. 2353.31. At the start of the March 30, 2023 hearing, the court noted "the first question for the Court, is she an eligible offender?" However, the trial court never heard evidence on this issue, never addressed this issue at the hearing, nor made any specific findings on this issue in its written entry.[2] Instead, the court got sidetracked after learning of the denial of H.M.G.'s prior applications to seal the records of her 2002 conviction and her 2003 dismissed charge upon her refusal to take a urine test.

{¶ 14} After learning that H.M.G. had an application to seal denied 10 months earlier in May 2022, the court stopped proceedings and immediately indicated it was denying H.M.G.'s application to seal the 2002 conviction. The truncated nature of the proceedings is evident from the 4-page transcript detailing the entirety of the hearing. The trial court denied H.M.G.'s application to seal prior to allowing her to present any evidence or witnesses in support of her motion. Though H.M.G.'s attorney attempted to offer an explanation for why the earlier motion to seal was denied in May 2022, the trial court indicated it was unwilling to accept the explanation or entertain H.M.G.'s new motion to seal.

{¶ 15} The court then set forth an entry denying the application to seal the record of the 2002 conviction for disorderly conduct on two bases. First, the court found that H.M.G.

---

2. The file contains a "Report of Expungement Investigation," which was completed by a probation officer on April 1, 2022 in connection with H.M.G.'s prior application to seal. This report indicates that as of April 1, 2022, H.M.G. was an "eligible offender." The record does not contain an update to the April 1, 2022 report and no evidence was presented at the March 30, 2023 hearing about whether H.M.G. had any criminal cases pending against her or if she had been convicted of any offenses since April 1, 2022.

had not "been properly rehabilitated." Second, the court found that H.M.G. had not established that her "need to have this record sealed outweigh[ed] the public's need to know."

{¶ 16} H.M.G. argues the trial court made a "conclusory judgment regarding [her] rehabilitation without engaging in any real analysis." We agree. Under the facts of this case, where proceedings were halted and a decision was made by the trial court without H.M.G. being permitted to present any evidence in support of her motion, we find that the trial court erred in determining she was not properly rehabilitated. Before the trial court could reach a determination about H.M.G.'s rehabilitation, H.M.G. needed to be given the opportunity to present evidence of her rehabilitation.

{¶ 17} We further find that the trial court erred in denying H.M.G.'s application to seal the 2002 conviction for disorderly conduct on the basis that H.M.G. failed to demonstrate that her "need to have this record sealed outweigh[ed] the public's need to know." R.C. 2953.32(C)(1)(e) directs the court to weigh the interests of the person seeking to have the record sealed against the "legitimate needs, if any, of the government to maintain those records." The burden is on the applicant to demonstrate that her interests "are at least equal to the governmental interests before the trial court must determine if sealing the record would be appropriate." *State v. Haney*, 70 Ohio App.3d 135, 139 (10th Dist.1991). "An applicant can satisfy this burden with evidence such as 'testimony that [her] conviction has damaged [her] ability to earn a living.'" *State v. R.S.*, 1st Dist. Hamilton Nos. C-210139 thru C-210173, 2022-Ohio-1108, ¶ 26, quoting *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 30.

{¶ 18} H.M.G. was unable to present testimony or evidence about her interest in having the record of the 2002 conviction for disorderly conduct sealed due to the truncated nature of the hearing. H.M.G.'s attorney, both through her written motion and in her

statements at the hearing, indicated H.M.G. had an interest in having the record of the 2003 conviction sealed in order to advance at her job and obtain a better position to help support her family. H.M.G. should have been provided with the opportunity to present evidence of such things at the hearing.

{¶ 19} The language R.C. 2953.32(C)(1)(e) states the applicant's interests in having the case sealed are to be weighed "against the legitimate needs, *if any*, of the government to maintain those records." (Emphasis added.) "The General Assembly's use of 'if any' suggests that 'in some cases, the State may have no interest in maintaining an applicant's records.'" *R.S.* at ¶ 26, quoting *State v. J.S.*, 10th Dist. Franklin No. 16AP-624, 2017-Ohio-7613, ¶ 14. *See also State v. Wyatt*, 9th Dist. Summit No. 25775, 2011-Ohio-6938, ¶ 12. In the present case, the prosecutor did not file an objection to H.M.G.'s application to seal the record and did not assert any objections during the hearing. The prosecutor also did not identify any legitimate need for keeping the record unsealed. Nonetheless, the trial court indicated that the public had a "need to know" of H.M.G.'s 2002 conviction for disorderly conduct. While the public's "need to know" may serve as a legitimate reason to not seal a record in certain circumstances, we find that under the facts of this case, where the prosecutor did not object to sealing the record and where H.M.G. was denied the ability to present evidence demonstrating her interest in having the record sealed, the identification by the court of a generalized need for the public to know of the existence of the misdemeanor conviction does not provide a sufficient basis for the denial of H.M.G.'s application to seal the 2002 conviction. *See In re A.S.*, 1st Dist. Hamilton No. C-220259, 2022-Ohio-3833, ¶ 15 (noting that the nature of an offense cannot provide the sole basis for a trial court to deny an R.C. 2953.32 application to seal a record of conviction). H.M.G. should be permitted to present evidence in support of her application so that such evidence can be weighed against the state's legitimate needs, if any, in maintaining a more than 20-

year-old record of a misdemeanor conviction.

{¶ 20} Accordingly, for the reasons stated above, we sustain H.M.G.'s sole assignment of error, reverse the trial court's denial of her application to seal, and remand the matter for further proceedings. On remand, the trial court is instructed to hold a hearing in accordance with R.C. 2953.32 and engage in the appropriate statutory analysis set forth in that statute.

{¶ 21} Judgment reversed and remanded.

PIPER and M. POWELL, JJ., concur.