[Cite as *State v. Yoder*, 2024-Ohio-1264.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 23CA006 |
| MICHAEL ROSS YODER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Holmes County Court of
                               Common Pleas, Case No. 05CR056

JUDGMENT:                      Reversed and Remanded

DATE OF JUDGMENT ENTRY:        April 3, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellee

MATTHEW MUZIC                             MATTHEW P. MULLEN
Holmes County Prosecuting Attorney        Krugliak, Wilkins, Griffiths &
                                          Dougherty Company, L.P.A.
MICHAEL S. BICKIS, ESQ.                   405 Chauncey Avenue, N.W.
ROBERT K. HENDRIX                         New Philadelphia, Ohio 44663
Assistant Prosecuting Attorney
164 E. Jackson Street
Millersburg, Ohio 44654

*Hoffman, J.*

{¶1} Defendant-appellant Michael Ross Yoder appeals the August 10, 2023 Journal and Docket Entry entered by the Holmes County Court of Common Pleas, which denied his Application to Seal a Criminal Record. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE AND FACTS

{¶2} On September 19, 2005, Appellant was indicted by the Holmes County Grand Jury on two (2) counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), felonies of the fourth degree. Appellant appeared for arraignment on September 29, 2005, and entered a plea of guilty to the Indictment. Following a Crim. R. 11 colloquy with Appellant, the trial court found him guilty as charged and deferred sentencing pending a presentence investigation. The trial court ordered Appellant to undergo a psychological evaluation and be tested for sexually transmitted diseases. The trial court conducted a sentencing hearing on January 3, 2006, and imposed a term of 180 days in the Holmes County Jail, followed by three (3) years of community control. The trial court designated Appellant a sexually oriented offender which required him to register as a sex offender for ten (10) years.

{¶3} Appellant served his jail time, successfully completed all requirements of his community control, and was released and discharged therefrom, effective January 18, 2009. Appellant complied with the mandatory sex offender registration requirements, registering annually for a period of ten (10) years, which expired in 2016.

{¶4} On June 2, 2023, Appellant filed an Application to Seal a Criminal Record pursuant to Ohio Revised Code 2953.32. The state filed a response on July 31, 2023, arguing Appellant did not qualify to have his record sealed because "Section 2953.32 * * * [does] not apply to * * * [c]onvictions of a sexually oriented offense when the offender is

subject to the requirements of Chapter 2950. of the Revised Code or Chapter 2950. of the Revised Code as it existed prior to January 1, 2008." Response to Motion to Seal, p. 1, unpaginated. Appellant filed a reply on August 4, 2023.

{¶5} The trial court conducted a hearing on August 10, 2023. The state asserted the same argument made in its Response to Appellant's Application to Seal, to wit: Appellant was not an eligible offender because he was subject to the registration requirements of R.C. Chapter 2950. On the record, the trial court expressed its agreement with the state's position.

{¶6} Via Journal and Docket Entry filed August 10, 2023, the trial court denied Appellant's application to seal. The trial court found:

If the Court were to adopt [Appellant's] interpretation of R.C. 2953.32(A)(3) and 2953.32(B)(1)(a)(iv), then all sexually oriented offenses for which offender registration is required except Tier III offenses (which require lifetime registration) would be eligible for sealing or expungement 5 years after their registration requirements have ended. This would mean that someone who has committed kidnapping with sexual motivation * * * or Gross Sexual Imposition of a Victim under 13 * * * would be eligible. This is too big a shift in legislative policy for the Court to accept as true. August 10, 2023 Journal and Docket Entry at p. 1, unpaginated.[1]

---

[1] While courts are, at limited times, tasked with determining legislative intent, it is not within a court's prerogative to ascertain legislative policy.

**{¶7}** It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED IN HOLDING AS A MATTER OF LAW THAT R.C. 2953.32 DOES NOT PERMIT THE SEALING OF APPELLANT'S 2006 CONVICTION.

I

**{¶8}** The decision in this case turns on the interpretation of R.C. 2953.32(A)(3). We review questions of statutory interpretation de novo. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, 938 N.E.2d 342, ¶ 8.

**{¶9}** "The intention of the legislature is to be collected from the words they employ." *State v. Fork*, __ Ohio St. 3d. __ , 2024-Ohio-1016, 2024 WL 1200219, ¶ 13, citing *United States v. Wiltberger*, 18 U.S. 76, 95, 5 Wheat. 76, 5 L.Ed. 37 (1820). Therefore, "[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said," *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, and apply it as written, *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18.

**{¶10}** The version of R.C. 2953.32 in effect at the time Appellant filed his application to seal and at the time of the trial court's ruling thereon provided, in relevant part:

(A) Sections 2953.32 to 2953.34 of the Revised Code do not apply to any of the following:

* * *

(3) Convictions of a sexually oriented offense when the offender **is subject** to the requirements of Chapter 2950. of the Revised Code or Chapter 2950. of the Revised Code as it existed prior to January 1, 2008;

* * *

(B)(1) Except as provided in section 2953.61 of the Revised Code or as otherwise provided in division (B)(1)(a)(iii) of this section, an eligible offender may apply to the sentencing court * * * for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in division (A) of this section. Application may be made at whichever of the following times is applicable regarding the offense:

(a) An application for sealing under this section may be made at whichever of the following times is applicable regarding the offense:

* * *

(iv) If the offender **was subject** to the requirements of Chapter 2950. of the Revised Code or Chapter 2950. of the Revised Code as it existed

prior to January 1, 2008, at the expiration of five years after the requirements have ended under section 2950.07 of the Revised Code or section 2950.07 of the Revised Code as it existed prior to January 1, 2008, or are terminated under section 2950.15 or 2950.151 of the Revised Code * * *

R.C. 2953.32, effective April 6, 2023, through October 2, 2023 (Emphasis added).

{¶11} In finding Appellant was not eligible to have his record sealed, the trial court agreed with the state's interpretation of the word "when" in R.C. 2953.32(A)(3) as meaning "once" the offender is subject to R.C. Chapter 2950., not "while" the offender is subject to such. August 10, 2023 Journal and Docket Entry. We disagree with the trial court's interpretation.

{¶12} Words used in a statute must be accorded their usual, normal, and customary meaning. *State ex rel. Pennington v. Gundler*, 75 Ohio St.3d 171, 173, 661 N.E.2d 1049 (1996), citing R.C. 1.42. Grammatically, the term "when," as used in R.C. 2953.32(A)(3), is a conjunction. Merriam-Webster Dictionary defines the conjunction "when" as "1. a. at or during the time that: WHILE; b. just at the moment that; c. at any or every time that: IF." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/when. Accessed 26 March 2023.

{¶13} Applying the "usual, normal, and customary meaning" of the term "when," we find the legislature meant an offender who is convicted of a sexually oriented offense is not eligible to have his/her record sealed "during the time" or "at any or every time that"

(i.e., when) "the offender *is subject* to the requirements of Chapter 2950. of the Revised Code or Chapter 2950. of the Revised Code as it existed prior to January 1, 2008." R.C. 2953.32(A)(3) (Emphasis added).  This interpretation comports with the language of R.C. 2953.32(B)(1)(a)(iv), as set forth supra.  To restate:

> [A]n eligible offender may apply to the sentencing court * * * for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in division (A) of this section. * * * (a) An application for sealing under this section may be made at whichever of the following times is applicable regarding the offense: * * * (iv) If the offender *was subject* to the requirements of Chapter 2950. of the Revised Code or Chapter 2950. of the Revised Code as it existed prior to January 1, 2008, at the expiration of five years after the requirements have ended * * *.

> R.C. 2953.32(B)(1)(a)(iv) (Emphasis added).

{¶14}  Under the trial court's interpretation of R.C. 2953.32(A)(3), once an offender is subject to the R.C. Chapter 2950 registration requirements, he/she would never be permitted to apply for sealing of records even after the registration period is completed.  Such an interpretation would render subsection (B)(1)(a)(iv) meaningless.  "We must give effect to every term in a statute and avoid a construction that would **render** any provision meaningless, inoperative, or superfluous" *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 2.

**{¶15}** We further note, although an offender may be eligible to make an application for sealing his/her record, a trial court is not required to rubber stamp such an application and seal an offender's record.  Such determination is left to the discretion of the trial court, taking into consideration the factors set forth in R.C. 2953.32(D).

**{¶16}** Based upon the foregoing, Appellant's sole assignment of error is sustained.

**{¶17}** The judgment of the Holmes County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.
Gwin, P.J.  and
Baldwin, J. concur