[Cite as *State v. Hufford*, 2024-Ohio-2667.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-12-113 |
| | : | O P I N I O N |
| - vs - | | 7/15/2024 |
| | : | |
| TIMOTHY HUFFORD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 06CR23751

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Robert G. Kelly, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Timothy Hufford, appeals the decision of the Warren County Court of Common Pleas denying his motion to seal his 2007 conviction for one count of fifth-degree felony importuning. For the reasons outlined below, we reverse and remand to the trial court for further proceedings.

{¶ 2} On January 24, 2007, Hufford pled guilty to one count of importuning in

violation of R.C. 2907.07(D)(2), a fifth-degree felony in accordance with R.C. 2907.07(F).[1]

Pursuant to the version of that statute then in effect, no person was to "solicit another by means of a telecommunications device" to "engage in sexual activity with the offender when the offender is eighteen years of age or older" and:

> [t]he other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.[2]

Importuning in violation of R.C. 2907.07(D)(2) was then, and is still now, considered a "sexually oriented offense" as that term is defined by R.C. 2950.01(A)(1).[3]

{¶ 3} On February 23, 2007, the trial court held a sentencing hearing. During this hearing, the trial court sentenced Hufford to a three-year community control term. This three-year community control term included a sanction that required Hufford to serve 15 days in jail, less one-day of jail-time credit. The trial court also ordered Hufford to pay a $250 fine and classified Hufford as a sexually oriented offender. There is no dispute that Hufford's classification as a sexually oriented offender required him to register as a sex offender at the county sheriff's office(s) where he lived, worked, and/or attended school every year for a period of ten years in accordance with the then applicable R.C. Chapter 2950.

{¶ 4} On February 22, 2010, Hufford was successfully terminated from his three-

---

1. The trial court's judgment entry stated that Hufford's conviction, rather than a fifth-degree felony, was a third-degree felony. The state concedes that such a designation is incorrect and constitutes a clerical error.

2. This language can now be found in R.C. 2907.07(E)(2).

3. The child with whom Hufford believed he was communicating was portrayed to be a 15-year-old female.

year community control term. Over 13 years later, on July 7, 2023, Hufford filed a motion requesting the trial court to seal the record of his importuning conviction.[4] Within that motion, Hufford noted that having his conviction sealed was "now permitted by law," and that he was seeking to have his record sealed so that he could "pursue employment opportunities." Hufford filed this motion in accordance with the trial court's Loc.R. 8.15(A), which at that time provided, "[a]ll motions for sealing of records of conviction and of not guilty findings, dismissals, and no bills shall be filed with the clerk of courts on a fully-completed, court-approved 'Record Sealing Packet.' See Appendix E."[5]

{¶ 5} Hufford filed his motion to seal the record of his importuning conviction pursuant to R.C. 2953.32.[6] Division (B)(1) of that statute provides that:

> an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing or expungement of the record of the case that pertains to the conviction, except for convictions listed in division (A) of this section.

{¶ 6} The convictions listed in division (A) of the statute are:

> (1) Convictions under Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters;
>
> (2) Convictions of a felony offense of violence that is not a sexually oriented offense;
>
> (3) Convictions of a sexually oriented offense when the

---

4. We note that Hufford's motion requested the trial court to both seal and expunge his record. However, just as the trial court did before us, we construe Hufford's motion as simply a motion to seal his record rather than as both a motion to seal and expunge the record of his conviction.

5. Appendix E attached to the version of the trial court's local rules applicable to this case contained an informational "packet" that discussed the process an applicant should go through when requesting to have his or her record sealed. This packet also included forms that the trial court mandated the applicant use when filing a motion to have his or her record sealed.

6. This version of the statute became effective on April 4, 2023. It was later amended by 2023 Am.Sub.HB 33 effective October 3, 2023. That amendment, however, did not modify any of the language relevant to this appeal.

offender is subject to the requirements of Chapter 2950. of the Revised Code or Chapter 2950. of the Revised Code as it existed prior to January 1, 2008;

(4) Convictions of an offense in circumstances in which the victim of the offense was less than thirteen years of age, except for convictions under section 2919.21 of the Revised Code;

(5) Convictions of a felony of the first or second degree or of more than two felonies of the third degree;

(6) Convictions for a violation of section 2919.25 or 2919.27 of the Revised Code or a conviction for a violation of a municipal ordinance that is substantially similar to either section.

{¶ 7} As for when Hufford could file a motion to have the record of his importuning conviction sealed, R.C. 2953.32(B)(1)(a)(i)-(v) provides that:

(a) An application for sealing under this section may be made at whichever of the following times is applicable regarding the offense:

(i) Except as otherwise provided in division (B)(1)(a)(iv) of this section, at the expiration of three years after the offender's final discharge if convicted of one or two felonies of the third degree, so long as none of the offenses is a violation of section 2921.43 of the Revised Code;

(ii) Except as otherwise provided in division (B)(1)(a)(iv) of this section, at the expiration of one year after the offender's final discharge if convicted of one or more felonies of the fourth or fifth degree or one or more misdemeanors, so long as none of the offenses is a violation of section 2921.43 of the Revised Code or a felony offense of violence;

(iii) At the expiration of seven years after the offender's final discharge if the record includes one or more convictions of soliciting improper compensation in violation of section 2921.43 of the Revised Code;

(iv) If the offender was subject to the requirements of Chapter 2950. of the Revised Code or Chapter 2950. of the Revised Code as it existed prior to January 1, 2008, at the expiration of five years after the

- 4 -

requirements have ended under section 2950.07 of the Revised Code or section 2950.07 of the Revised Code as it existed prior to January 1, 2008, or are terminated under section 2950.15 or 2950.151 of the Revised Code;

(v) At the expiration of six months after the offender's final discharge if convicted of a minor misdemeanor.

**{¶ 8}** On July 12, 2023, the trial court scheduled the matter for a hearing on Hufford's motion as required by R.C. 2953.32(C). This hearing was scheduled to take place on August 25, 2023. The record, however, is devoid of any evidence to indicate that this hearing ever actually took place. Nevertheless, on August 28, 2023, three days after the hearing on Hufford's motion was to have occurred, the trial court set the matter for "SUBMISSION" to take place on September 25, 2023.

**{¶ 9}** On November 17, 2023, the trial court issued a decision summarily denying Hufford's motion to seal his record. In so doing, the trial court initially noted, albeit mistakenly, that Hufford had been convicted of importuning as a third-degree felony rather than its correct designation as a fifth-degree felony. The trial court also noted that although it had determined that Hufford was an "appropriate" candidate to have his record sealed, Hufford was nonetheless "not eligible under the statute." The trial court did not provide any further explanation as to what made Hufford statutorily ineligible, however. The trial court also did not in any way indicate that it had made the necessary determinations or engaged in the required statutory considerations it must do before ruling on Hufford's motion as set forth in R.C. 2953.32(D)(1).

**{¶ 10}** On December 18, 2023, Hufford filed a timely notice of appeal from the trial court's decision denying his motion to have the record of his importuning conviction sealed. Following briefing, oral argument was held before this court on June 3, 2024. Hufford's appeal now properly before this court for decision, Hufford has raised the

- 5 -

following single assignment of error for review.

{¶ 11} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SEAL/EXPUNGE A CRIMINAL RECORD PURSUANT TO R.C. 2953.32.

{¶ 12} In his single assignment of error, Hufford argues the trial court erred by denying his motion to seal his record. However, upon review, and rather than addressing Hufford's specific argument, we find this matter must be reversed and remanded to the trial court for further proceedings. This is because, not only is the record devoid of any evidence to indicate the hearing on Hufford's motion that was scheduled to take place on August 25, 2023 ever actually occurred, the trial court's decision denying Hufford's motion fails to provide any explanation for its finding Hufford "appropriate," but statutorily ineligible to have his record sealed.[7] This is concerning when considering the language set forth in R.C. 2953.32 applicable to this case.

{¶ 13} For example, pursuant to R.C. 2953.32(C), after Hufford filed his motion to seal his record, the trial court was required to: (1) set a date for a hearing and notify the prosecutor for the case of the hearing on the motion; (2) hold a hearing on the motion not less than 45 days and not more than 90 days from the date when Hufford's motion was filed; and (3) order its regular probation officer, a state probation officer, or the department of probation of the county in which Hufford then resided, to make inquiries and written reports concerning Hufford as directed by the court.[8] This is to say nothing of the requirements that R.C. 2953.32(C) imposes upon the prosecutor and the probation officer

---

7. The term "eligible offender" as used in R.C. 2953.32 had previously been defined by statute. More specifically, through the statutory language found in the former R.C. 2953.31. *See* former R.C. 2953.31(A)(1) (effective April 7, 2021 to April 3, 2023). However, the statutory definition of who constituted an "eligible offender" under R.C. 2953.32 was removed from R.C. 2953.31 through the General Assembly's passage of 2022 Am.Sub.S.B. No. 288 effective April 4, 2023. This is significant when considering it is "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle*, 2002-Ohio-4009, paragraph two of the syllabus.

8. The language set forth in R.C. 2953.32(C) includes the word "shall" and not "may." The word "shall" means "must," and the word "must" is mandatory. *State v. Noling*, 2018-Ohio-795, ¶ 64.

or county department of probation that the trial court was to have ordered make inquiries and written reports concerning Hufford as the court had directed. This includes a requirement for the prosecutor, under normal circumstances, to "provide notice of the application and the date and time of the hearing to the victim of the offense in the case pursuant to the Ohio Constitution."

{¶ 14} This is in addition to the language set forth in R.C. 2953.32(D), which mandates that at the hearing on Hufford's motion, the trial court must make several factual and legal determinations.[9] This includes the trial court determining whether Huffman was requesting to have his record sealed as to one of the prohibited offenses listed in R.C. 2953.32(A) as set forth above "or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case." The trial court was also required to determine whether Hufford's motion was made at the appropriate time as specified by R.C. 2953.32(B)(1)(a), whether any criminal proceedings were then pending against Hufford, and whether Hufford had "been rehabilitated to the satisfaction of the court." This is in addition to R.C. 2953.32(D) requiring the trial court to consider any objections to Huffman's motion that had been filed by the prosecutor (and/or the victim) and to weigh Huffman's interests in having his record sealed "against the legitimate needs, if any, of the government to maintain those records."

{¶ 15} Under these circumstances, and when considering the state of the record properly before this court, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion. These proceedings must include the trial court conducting a hearing on Hufford's motion as required by R.C. 2953.32(C). This hearing shall be conducted on the record and not within the judge's chambers as what may have

---

9. The language set forth in R.C. 2953.32(D) also includes the word "shall" rather than "may."

occurred in this case previously.[10]  At that hearing, the trial court must comply with the requirements set forth in R.C. 2953.32(D) and engage in the appropriate statutory analysis set forth therein.  Hufford must also be given the opportunity at this hearing to present evidence in support of his motion seeking to have the record of his importuning conviction sealed.  *See, e.g., State v. H.M.G.*, 2023-Ohio-4588 (12th Dist.) (reversing and remanding a denial of an applicant's motion to seal her record where the applicant was denied the opportunity to present evidence in support of her application at the hearing held on her motion requesting the record of her disorderly conduct conviction be sealed). It is only then, after the trial court has satisfied its duties under R.C. 2953.32(D), that the trial court may come to a decision on Hufford's motion.

{¶ 16}  Upon coming to a decision on Hufford's motion, the trial court shall issue a written judgment entry that provides sufficient explanation of its reasoning and rationale to allow this court to conduct a meaningful review of the matter should the court's decision again be appealed.  Such a decision is generally within the trial court's discretion.  *See State v. Yoder*, 2024-Ohio-1264, ¶ 15 (5th Dist.) (rejecting a trial court's interpretation of R.C. 2953.32[A][3] that "once an offender is subject to the R.C. Chapter 2950 registration requirements, he/she would never be permitted to apply for sealing of records even after the registration period is completed").  But, "'for this court to be able to conduct any meaningful review of the trial court's exercise of its discretion, we must be able to discern some basis for its decision.'"  *In re Q.R.*, 2018-Ohio-4785, ¶ 14 (12th Dist.), quoting *In re Estate of Murray*, 2005-Ohio-1892, ¶ 26 (11th Dist.).  Therefore, finding it necessary that this matter be reversed and remanded to the trial court for further proceedings, Hufford's

---

10  During oral argument before this court, counsel alluded to a "hearing" related to Hufford's motion possibly taking place in the judge's chambers.  Whatever that "hearing" was, assuming that such a "hearing" actually occurred, it was not done in compliance with the requirements set forth under R.C. 2953.32.

single assignment of error has merit and is sustained.

{¶ 17} Judgment reversed and remanded.

HENDRICKSON and PIPER, JJ., concur.